UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UTE BERNAUD,<br>      Plaintiff,<br><br>      v.<br><br>ALEKSANDAR SAZDOV, et al.,<br>      Defendants. | No. 3:15-cv-1239 (SRU) |

## RULING AND ORDER

Plaintiff Ute Bernaud brings the instant suit against defendants Aleksandar Sazdov, the Wildwood Boardwalk Special Improvement District Management Corporation ("Wildwood SID"), and Wildwood Boardwalk Tram Cars.[1]  Bernaud alleges that, on August 18, 2013, while vacationing in Wildwood, New Jersey, she was injured when exiting a tram car operated by Sazdov, an employee of Wildwood SID.

Defendants moved to dismiss the complaint, arguing that they are not subject to personal jurisdiction in Connecticut.  *See* Doc. # 17.  Defendants assert that the court lacks jurisdiction under Connecticut's long arm statutes because none of the defendants reside in or have transacted any business within the state.  Furthermore, defendants argue that, even if they are subject to personal jurisdiction under the Connecticut long arm statutes, subjecting them to personal jurisdiction in Connecticut would violate due process.

On January 21, 2016, I held oral argument on the defendants' motion to dismiss.  *See* Doc. # 21.  At oral argument, I indicated that I was prepared to grant the motion because Bernaud did not provide any evidence of the defendants' contacts within the forum state.  In response, Bernaud requested leave to submit additional evidence of the defendants' contacts with

---

[1] Bernaud concedes that Wildwood Boardwalk Tram Cars is not a legal entity and therefore cannot be sued.  Pl.'s Opp'n to Mot. Dismiss at 2.  Therefore, all claims against Wildwood Boardwalk Tram Cars are dismissed.

the forum state. I granted that request and ordered Bernaud to submit the additional documents within a week from the hearing. Bernaud submitted additional documents and the defendants filed a supplemental response to Bernaud's submission. This ruling is based on all of the materials before me.

**I.      Standard of Review**

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *See Thomas v. Ashcroft,* 470 F.3d 491, 495 (2d Cir. 2006). A plaintiff may initially carry this burden "by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). A plaintiff can make this showing through his "own affidavits and supporting materials," *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981), containing "an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Ball,* 902 F.2d 194, 197 (2d Cir. 1990)).

In resolving the personal jurisdiction issue, a court must "construe the pleadings and affidavits in the light most favorable to [the plaintiff], resolving all doubts in his favor." *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993). When deciding a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits and other evidence submitted by the parties. *Ensign-Bickford Co. v. ICI Explosives USA, Inc.*, 817 F. Supp. 1018, 1026 (D. Conn. 1993) ("[T]he plaintiff must make a 'prima facie showing' through affidavits or

other evidence that the defendant's conduct was sufficient for the court to exercise personal jurisdiction.").

**II.     Discussion**

A district court sitting in diversity applies the forum state's personal jurisdiction rules. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). To establish a prima facie case of personal jurisdiction, a plaintiff must satisfy a two-part inquiry. First, it must allege facts sufficient to show that Connecticut's long-arm statute reaches a defendant, and second, it must establish that the court's exercise of jurisdiction will not violate due process. *See Chirag v. MT MARIDA MARGUERITE SCHIFFAHRTS*, 933 F. Supp. 2d 349, 352 (D. Conn. 2013), *aff'd sub nom. Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16 (2d Cir. 2015) (citing *Knipple v. Viking Communications,* 236 Conn. 602, 605–06 (1996)). At the prima facie stage, a plaintiff need not point to any evidence that supports jurisdiction. Instead, it "need only assert facts constituting . . . jurisdiction" all of which should be judged "in the light most favorable to the plaintiff." *Id.* (quoting *Amerbelle Corp. v. Hommell,* 272 F. Supp. 2d 189, 192 (D. Conn. 2003)).

  A.  <u>Connecticut's Long Arm Statutes</u>

The Connecticut long arm statute has two provisions that are relevant to the instant suit. First, Conn. Gen. Stat. § 52-59b, sets the limits on a Connecticut court's exercise of jurisdiction over an individual defendant sued in tort. That statute determines whether Sazdov is subject to the court's jurisdiction. Second, Conn. Gen. Stat. § 33-929(f), determines whether a foreign corporation, such as Wildwood SID, is subject to suit in Connecticut.

3

1. *The Court Lacks Personal Jurisdiction over Sazdov*

Section 52-59b provides, in relevant part, that a court may exercise personal jurisdiction over an individual defendant who, in person or through an agent: "commits a tortuous act outside of the state causing injury to person or property within the state" so long as the person or agent "(A) regularly does or solicits business . . . in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ." Conn. Gen. Stat. § 52-59b(a)(3).

Sazdov argues that Bernaud fails to allege any facts that could possibly establish that Sazdov falls within Connecticut's long arm statute. Sazdov has submitted a declaration attesting to the fact that he has never transacted or solicited business in Connecticut nor does he derive substantial revenue from goods sold or services rendered in Connecticut. Defs.' Memo in Support of Mot. Dismiss, Ex. B ¶¶ 7-9.

In response, Bernaud admits that secton 52-59b "does not reach Sazdov *per se* . . . ." Pl.'s Opp. to Mot. Dismiss at 14. Still, Bernaud attempts to argue that forcing Bernaud to litigate against Sazdov in New Jersey while pursuing the same claim against Wildwood SID in Connecticut would "violate her right to due process." *Id.* Bernaud cites no case law to support her contention that a court should disregard a state's long arm statute in order to vindicate a plaintiff's notion of due process.[2] Moreover, because I ultimately conclude that the court lacks personal jurisdiction over all defendants, Bernaud will not be forced to split her claims between Connecticut and New Jersey. Rather, she will be able to litigate all of her claims in New Jersey.

---

[2] The fact that Bernaud does not submit additional evidence with respect to Sazdov's contacts with Connecticut indicates that Bernaud has conceded the fact that she has failed to establish personal jurisdiction over that defendant. This is consistent with Bernaud's position at oral argument, which only argued that Wildwood SID was subject to personal jurisdiction in Connecticut.

2. *The Court Lacks Personal Jurisdiction over Wildwood SID*

Section 33-929(f)(2) provides, in relevant part, that a foreign corporation will be subject to suit in Connecticut on any cause of action arising out of "any business solicited in [Connecticut] by mail or otherwise if the corporation has repeatedly so solicited business." Thus, the court has jurisdiction over a foreign corporation if the "defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs." *Thomason v. Chem. Bank*, 234 Conn. 281, 296 (1995) (construing a now-repealed provision of the Connecticut long arm statute that contained similar "arising out of . . . business solicited" language). The Connecticut Supreme Court has held that the individual plaintiff need not have been subject to solicitation in Connecticut. *See id.* Rather, a plaintiff need only show that there exists a similarly situated individual "who had been solicited in Connecticut" and could have haled the defendant into a Connecticut court.

Defendant Wildwood SID does not quibble with the exact interpretation of section 33-929(f)(2). It simply argues that it "has never solicited business in Connecticut by mail or otherwise." Defs.' Memo in Support of Mot. Dismiss at 8.

In response, Bernaud puts forward numerous ways that she believes Wildwood SID is soliciting business in Connecticut. Pl.'s Opp. to Mot. Dismiss at 4-9. A review of those allegations yields little more than a blanket allegation that Wildwood SID benefits from the numerous forms of solicitation conducted by parties loosely associated with Wildwood SID. Bernaud cites to numerous websites, none of which she alleges are run by Wildwood SID. She ends nearly each paragraph of the complaint with an assertion that Wildwood SID greatly benefits from the solicitation of business by others and could reasonably expect to be haled into court in Connecticut.

That, however, does not establish that Wildwood SID itself solicits business here. Bernaud's allegations merely support the argument that there are other entities associated with Wildwood, New Jersey, that would be subject to personal jurisdiction in Connecticut. The fact that Wildwood SID might be aware of such solicitation and benefit from it is insufficient to establish that it has "solicited business" itself, as is required by section 33-929(f)(2).

The only concrete allegation that Wildwood SID itself solicits business in Connecticut is an allegation that it does so through the website that it maintains. Pl.'s Opp. to Mot. Dismiss at 7. Wildwood SID admits that it maintains the website, http://www.dooww.com, but contends that maintaining a passive, informational website is insufficient to support personal jurisdiction over a nonresident defendant.[3]

The mere maintenance of a website that Connecticut users can access is insufficient to subject the owner of that website to personal jurisdiction within the state. *See E-Data Corp. v. Micropatent Corp.*, 989 F. Supp. 173, 177 (D. Conn. 1997). Relying on Connecticut's long arm statute, the court in *E-Data* required plaintiff to show that the defendant engaged in solicitation that, in fact, reached individuals in Connecticut. The court held that, even though the defendant admitted to soliciting business through its website, the "mere presumption that [Connecticut internet users] must have visited the [website] and viewed these solicitations is insufficient to meet the plaintiff's burden under [the long arm statute]." *Id.*

The is no Connecticut appellate authority that provides guidance on "when a foreign corporation's Internet activities will satisfy the jurisdictional requirements of § 33-929(f)(2)." *Forsa v. LIB/GO Travel, Inc.*, 2014 WL 7462505, at *4 (Conn. Super. Ct. Nov. 18, 2014). However, Connecticut courts have adopted the reasoning in *Zippo Manufacturing Co. v. Zippo*

---

[3] Bernaud refers to Wildwood SID's website as http://www.dowildwood.com. The two URL addresses both direct the user to the same website, so they can be considered the same for the purposes of the motion to dismiss.

*Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).  *See Forsa*, 2014 WL 7462505 at *5-6; *see also Comtech 21, LLC v. Broadvox, LLC*, 2010 WL 3038432, at *3 (Conn. Super. Ct. July 8, 2010) (relying on and citing other Connecticut courts that have relied on *Zippo*).

In *Zippo*, the court adopted a sliding scale approach to determine whether the nature of a foreign corporation's internet activities established sufficient "minimum contacts" in order to constitutionally subject the corporation to personal jurisdiction within the forum state.  *Zippo*, 952 F. Supp. at 1124.  Personal jurisdiction is proper over a defendant that maintains a so-called "interactive" internet site that permits its users to enter into contracts and/or transmit computer files over the internet.  *Id.*  On the other hand, a defendant that maintains a so-called "passive" website, one that simply posts information that is accessible to users in foreign jurisdictions, is not subject to the forum court's jurisdiction on the basis of such contacts.  *Id.*  The more "interactive" a website is, the more likely the court will find the defendant to be subject to the court's jurisdiction.  *Id.*  This analysis comports with the more traditional notion of personal jurisdiction, which evaluates whether the defendant has "intentionally reache[d] beyond its boundaries to conduct business with foreign residents."  *Id.*

Wildwood SID asserts that the website it maintains is a "passive informational website, not intended to advertise, solicit or engage in business in Connecticut."  Defs.' Memo in Support of Mot. Dismiss at 9.  It simply operates as a place where users can go to obtain information about the other business in Wildwood, New Jersey.  Wildwood SID also notes that the website is not capable of making any online transactions, such as hotel or dining reservations.  Rather than being able to purchase items from the Wildwood SID directly, a user must click on a link that forwards the user to the websites of other businesses in order to make direct purchases.

Bernaud's response is confined to one paragraph. Pl.'s Opp. to Mot. Dismiss at 7. In that paragraph, she points to the fact that the website contains information relating to the hours of operation, location, travel route, and fee for using the tram car. Bernaud does not allege that one can actually purchase a ticket for the tram car through the website. Such evidence merely strengthens Wildwood SID's contention that it maintains a website for informational purposes only. The fact that Bernaud pointed to other locations and avenues where individuals can purchase a tram car ticket online does not make Wildwood SID's own contacts with Connecticut any stronger.

Bernaud concludes her discussion of the website with a claim that "Wildwood SID's website is specifically designed to entice Connecticut residents to partake in its tram car service." *Id.* Bernaud does not allege any facts to support that assertion. The fact that Bernaud fails to point to anything specific on the website that is directed towards Connecticut belies her assertion.

The instant case is not similar to other arguably passive websites that were sufficient to establish personal jurisdiction over the defendant. *See Comtech 21*, 2010 WL 3038432, at *5. In *Comtech 21*, the court found that the website solicited Connecticut consumers by virtue of the fact that it had "a Connecticut drop down menu by which customers can locate area codes and communities from which the defendant can provide Connecticut customers with telephone numbers." *Id.* Unlike the website in *Comtech 21*, Wildwood SID's website has nothing that relates to Connecticut directly. Bernaud cannot point to any activity of Wildwood SID that attempts to solicit individuals residing in Connecticut, specifically. Because of that, Bernaud has failed to adequately show that Wildwood SID is subject to Connecticut's long arm jurisdiction under section 33-929(f)(2).

At oral argument, Bernaud requested leave to submit additional evidence of Wildwood SID's contacts with the forum state. I granted that request and ordered Bernaud to submit the additional documents within a week from the hearing. In her additional submission, Bernaud provided me with additional evidence indicating that non-defendant entities had advertised Wildwood SID's tram car service through internet and mail advertising channels. First, Bernaud provided evidence that tram car tickets are solicited and may be purchased online from Splash Zone Water Park or Morey's Piers & Beachfront Water Parks. Second, Bernaud provided evidence of tram car advertisements in a vacation planner, issued by the Greater Wildwood Chamber of Commerce and mailed to Connecticut residents who wish to add themselves to the Chamber of Commerce mailing list.

This additional evidence does not establish personal jurisdiction under Connecticut's long arm statute because Bernaud has failed to establish that Wildwood SID is responsible for the advertisements. The statute provides for personal jurisdiction over a corporation that "has repeatedly so solicited business." Conn. Gen. Stat. § 33-929(f)(2). The fact that some other entity advertises in Connecticut and merely mentions Wildwood SID's tram car services is insufficient to establish that Wildwood SID has "repeatedly so solicited business" in Connecticut. As discussed above, the defendant, not other entities, must solicit business in the forum state. Bernaud has provided no evidence to establish that Wildwood SID is in a joint venture with Splash Zone, Morey's Piers, or the Chamber of Commerce. In fact, the affidavit of the executive director of Wildwood SID, Patrick Rosenello, directly refutes the existence of any joint venture between Wildwood SID and the entities that Bernaud claims are advertising on its behalf. *See* Defs.' Suppl. Response in Support of Mot. Dismiss, Ex. A (doc. # 23). Accordingly,

Bernaud has failed to establish jurisdiction over Wildwood SID under Connecticut's long arm statute.

B. <u>Exercising Personal Jurisdiction over Defendants Would Violate Due Process</u>

Even if Bernaud could tie the solicitation of tram car tickets to Wildwood SID itself, she has failed to establish that subjecting Wildwood SID to personal jurisdiction in Connecticut would comport with due process.

A defendant will only be subject to the court's jurisdiction if a plaintiff can establish that the defendant has the requisite "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.* v. *State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). The evaluation of a defendant's "minimum contacts" centers on the question whether the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Chirag*, 933 F. Supp. 2d at 353-54 (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). A commercial actor need not have a physical presence in a state to establish the necessary minimum contacts, so long as the "actor's efforts are 'purposefully directed' towards residents of [the forum] State" so that a defendant could foresee being haled into court there. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

When a party proceeds on a theory of specific jurisdiction over the defendant based on its contacts with the forum state, the party must establish a sufficient nexus between the defendant's contacts with the forum and the alleged injury. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558

F.3d 1210, 1223 (11th Cir. 2009).[4]  In *Oldfield*, the court held that internet contacts, even if they were the "but for" cause of the alleged injury, were insufficient to warrant specific personal jurisdiction in cases where the contacts are "too remote [to the injury] to satisfy the relatedness requirement."  *Id.*  The fact that a plaintiff would not have been in a position to be injured absent the internet advertisement luring him to that place is insufficient to establish specific personal jurisdiction.  *See id.*  Rather, there must be a sufficient "causal nexus between the tortious conduct and the purposeful contact."  *Id.*

      Other courts have followed that approach in the context of a personal injury case where the plaintiff seeks to subject a defendant to personal jurisdiction on the basis of its internet contacts with the forum state.  *See Elayyan v. Sol Melia, SA*, 571 F. Supp. 2d 886, 903 (N.D. Ind. 2008) ("Plaintiffs' personal injury tort claim occurring in Mexico did not arise out of [defendant's] promotional or marketing activities in Indiana . . . ."); *Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1230 (N.D. Okla. 2001) ("Plaintiff has made no attempt to demonstrate that the injuries she allegedly received in the stairwell of Defendant's Arkansas hotel arise out of Defendant's alleged contact with, or activities in, Oklahoma.").  For specific jurisdiction to attach, plaintiff's claim must arise out of the defendant's contacts with the state.  *Elayyan*, 571 F. Supp. 2d at 903 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  When personal jurisdiction is based on a defendant's internet advertisements, specific jurisdiction is only proper "*if* the individual used the website and *if* the alleged injury then arose out of that individual's use of the website."  *See id.* at 904 (emphasis in original).

---

[4] There is no assertion that Wildwood SID is subject to general jurisdiction in Connecticut, so I will assume that it is Bernaud's position that Wildwood SID should be subject to specific jurisdiction based on its contacts with Connecticut related to the instant suit.  To the extent that there was a claim of general jurisdiction, Bernaud has failed to establish Wildwood SID's continuous and systematic contacts with Connecticut.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

In the instant case, even if Bernaud could tie the tram car advertisements to Wildwood SID, she has failed to allege a sufficient causal nexus between Wildwood SID's contacts with Connecticut and the alleged injury. Principally, Bernaud has failed to allege that she has ever viewed tram car advertisements while residing in the forum state, let alone that those solicitations caused her to travel to Wildwood, New Jersey, and ride the tram car. Second, she has failed to allege that her personal injuries arose out of her viewing such advertisements. Accordingly, she has failed to establish the requisite minimum contacts to subject Wildwood SID to personal jurisdiction in Connecticut.

C. Venue Transfer

A district court has the power to transfer a case to another judicial district under 28 U.S.C. §§ 1404(a) or 1406(a) if it is in the interests of justice to do so, even where it lacks personal jurisdiction over one or more defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000). "A district court may transfer a case on a motion by either party or *sua sponte* on its own motion." *WorldCare Corp. v. World Ins. Co.*, 767 F. Supp. 2d 341, 365 (D. Conn. 2011). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Transfer is favored, however, to remove procedural obstacles like lack of personal jurisdiction or improper venue. *Rivera v. Armstrong*, 2007 WL 683948, at *3 (D. Conn. Mar. 2, 2007) (citing *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983)).

The parties are in agreement that Bernaud is a citizen of Connecticut and the defendants are citizens of New Jersey. Accordingly, the suit could have been properly filed in the District of New Jersey. Rather than dismiss the case, I find that it is in the interests of justice to transfer the

case to the District of New Jersey on my own motion. This cures the procedural defect and avoids any adverse effects on the statute of limitations that could be caused by an order of dismissal.

### III.    Conclusion

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction (doc. # 17) is denied as moot and the case is ordered transferred to the District of New Jersey. The clerk shall effect the transfer and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of June 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
